## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 22 2021, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Teresa Yates,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 22, 2021<br><br>Court of Appeals Case No.<br>20A-CR-330<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Linda Brown, Judge<br><br>Trial Court Cause No.<br>49G10-1910-CM-038840 |

**May, Judge.**

[1] Teresa Yates appeals her conviction of Class B misdemeanor disorderly conduct.[1] Yates asserts the State did not present sufficient evidence, and the State concedes it failed to prove Yates committed Class B misdemeanor disorderly conduct. We reverse.

## Facts and Procedural History

[2] On September 27, 2019, Brandon Arnold, the night manager of an Indianapolis Meijer store, responded to a call from his staff regarding a disruptive person near the checkout lanes. When he arrived, he saw Yates, who was "being loud and kind of cussing and everything[.]" (Tr. Vol. II at 6.) Arnold asked Yates to leave, and she refused. Instead, "she just proceeded to kind of walk through the store and was throwing stuff on the floor – uh, clothing and everything." (*Id*.) Arnold called 911.

[3] When Officer Joshua Coffin arrived, he attempted to talk to Yates, but "she wasn't answering [his] questions" and "this stuff that she was saying did not make sense." (*Id*. at 10.) Officer Coffin told Yates that she needed to leave, and she told him "that she underst[ood] that she need[ed] to leave." (*Id*.) Yates left the store, and Officer Coffin followed her outside. Yates "started walking around in a circle in the parking lot" and walked towards a vehicle parked in the parking lot. (*Id*.) Yates opened the door of the vehicle, and the person

---

[1] Ind. Code § 35-45-1-3(a)(1).

inside of the vehicle "yelled at her to get away from his car." (*Id.*) The interaction "startled" Yates, she stopped trying to get into the car, and police arrested her. (*Id.*)

[4] On October 3, 2019, the State charged Yates with Class A misdemeanor criminal trespass[2] and Class B misdemeanor disorderly conduct. On January 14, 2020, the trial court held a bench trial and found Yates guilty as charged.[3] The trial court sentenced Yates to 365 days with 363 days suspended for criminal trespass to be served concurrent with 180 days with 178 days suspended for disorderly conduct, for an aggregate sentence of 365 days with 363 days suspended. The trial court also ordered Yates to stay away from all Meijer stores in Marion County.

## Discussion and Decision

[5] Yates challenges her conviction of Class B misdemeanor disorderly conduct. When charging that crime, the State specifically alleged that "[o]n or about September 27, 2019, TERESA L YATES did recklessly, knowingly or intentionally engage in fighting[4] or tumultuous conduct." (App. Vol. II at 13.) Tumultuous conduct means "conduct that results in, or is likely to result in,

---

[2] Ind. Code § 35-43-2-2(b)(7).

[3] Yates does not appeal her conviction of Class A misdemeanor criminal trespass.

[4] The parties concede Yates was not fighting.

serious bodily injury to a person or substantial damage to property." Ind. Code § 35-45-1-1.

[6] Yates argues the State did not present evidence that she engaged in tumultuous conduct and thus it did not prove she committed Class B misdemeanor disorderly conduct. The State concedes it did not present sufficient evidence to prove Yates committed Class B misdemeanor disorderly conduct. Yates threw clothing on the floor and opened a stranger's car door. She did not engage in any physical contact with other store patrons, nor did she do anything else that would result in serious bodily injury or substantial property damage. *Cf. Bailey v. State*, 907 N.E.2d 1003, 1007 (Ind. 2009) (holding State proved tumultuous conduct when Bailey threw down his coat and drink and angrily approached another person with his fists clinched). Accordingly, we reverse Yates' conviction of Class B misdemeanor disorderly conduct.

# Conclusion

[7] Because the State did not present sufficient evidence that Yates engaged in tumultuous conduct, we reverse Yates' conviction of Class B misdemeanor disorderly conduct.

[8] Reversed.

Riley, J., and Altice, J., concur.